

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-20-2003

# USA v. Sierra

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2836

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Sierra" (2003). *2003 Decisions.* Paper 198.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/198

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 02-2836

UNITED STATES OF AMERICA,

v.

KEVIN M. SIERRA,
a/k/a KILLSWITCH,

Kevin M. Sierra,

<u>Appellant</u>

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 00-cr-00407-1)
District Judge: Hon. Bruce W. Kauffman

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2003

BEFORE: MCKEE, SMITH and COWEN, <u>Circuit Judges</u>

(Filed  October 20, 2003)

OPINION

COWEN, <u>Circuit Judge</u>.

Kevin M. Sierra appeals from the judgment of conviction and sentence of the United States District Court for the Eastern District of Pennsylvania. He seeks the overturning of this judgment on the grounds that the District Court failed to explain in proper detail that his guilty plea would necessarily result in a mandatory minimum prison term of five years regardless of his assistance to the government and the government's departure motion. We will affirm.

I.

A grand jury returned a seven-count indictment against Sierra on July 12, 2000. According to Count One, Sierra violated 21 U.S.C. § 841(a)(1) by knowingly and intentionally possessing with the intent to distribute approximately 398 grams of methamphetamine.

Sierra entered into a written plea agreement. He agreed to plead guilty to the first count of the indictment and to cooperate with the government. The government agreed to move for the dismissal of the other counts if it determined that Sierra had fulfilled his obligations of cooperation. The government would also make a motion for departure from the United States Sentencing Guidelines pursuant to U.S.S.G. § 5K1.1 if it "determines that the defendant has provided complete and substantial assistance in the investigation or prosecution of another person who has committed an offense, including testifying at any trial or proceeding as required." Jt. App. at 20A-21A. The agreement also stated that "[t]he defendant understands and agrees that the government does not

2

intend to move for departure from any statutory mandatory minimum term of imprisonment." Jt. App. at 21A. It provided notice of a maximum sentence of 40 years and a "five-year mandatory term of incarceration." Jt. App. at 22A.

Sierra entered a guilty plea at a change of plea hearing on September 10, 2001. During the government's summary of the plea agreement, the following exchange occurred between Assistant United States Attorney Christine E. Sykes, the District Court, and Sierra:

> [MS. SYKES:]   The plea agreement which the Government and Mr. Sierra have entered into explicitly states that Mr. Sierra understands and agrees with the Government, that the [sic] does not intend to move for a departure under Section 3553 of Section -- of United States Code Section 18, which would permit the Court to depart from the statutory mandatory minimum that applies.
> THE COURT:   Is there a statutory mandatory minimum?
> MS. SYKES:   There is, Your Honor, it is five years in this case with regard to Count 1, and that is based on the fact that the amount of methamphetamine which Mr. Sierra possessed was more than 50 grams.
> In addition, both parties agree under --
> THE COURT:   Excuse me. You understand that, that they're going to -- they move under 5(k)1, which would permit the Court to depart from the Guidelines, but not under 3553(e), which would permit the Court to depart from the statutory mandatory minimum?
> THE DEFENDANT:   Yes, sir.
> THE COURT:   Very well.

Jt. App. at 40A-41A.

The District Court then asked Sykes to notify Sierra of the possible maximum sentence, noting that the prosecutor had already indicated the applicable mandatory minimum. The prosecutor stated that the maximum sentence is imprisonment for 40

3

years with a five-year mandatory term of incarceration.  When asked whether he understood these possible penalties, Sierra responded by inquiring about "the original sentence."  Jt. App. at 45A.  The following discussion then occurred:

> MS. SYKES:    Certainly, Your Honor.  I would be glad to state it again.  Under the statute --
> THE DEFENDANT:    40 years, is that what you're saying?
> MS. SYKES:    Under the statute the mandatory maximum -- excuse me, the maximum sentence would be 40 years imprisonment.  The mandatory minimum period of incarceration is five years, a fine of $2 million or both, at least four years of supervised release and $100 special assessment.
> THE COURT:    Do you understand --
> THE DEFENDANT:    Yes, Your Honor.
> THE COURT:    -- the maximum penalties now, sir?
> THE DEFENDANT:    Yes.

Jt. App. at 45A-46A.  Sierra further indicated that he had discussed the maximum and mandatory minimum penalties with his attorney and understood the possible consequences of a guilty plea.

The District Court also asked Sierra's then-counsel, Stephen Patrizio, Esq., about his client's competence to enter a plea.  Patrizio indicated that he had no doubts as to competence and emphasized that Sierra understands "the basis for departure and how far [sic]."  Jt. App. at 53A.  According to the attorney, Sierra intended to move for departure at sentencing based on such grounds as personal circumstances.  He added:

> . . . I just wanted him to be assured that by pleading guilty here today we can still raise the issues of departure for other basis, but the Governmental departure really has that floor of five years, and he's very much aware of that.  Is that correct, Mr. Sierra?
> THE DEFENDANT:    Yes, it is.

4

Jt. App. at 53A. Sykes, Patrizio, and the District Court agreed that Sierra understood the maximum and mandatory minimum penalties.

Sierra appeared for a sentencing hearing on June 13, 2002. The District Court granted the government's motion to dismiss all counts of the indictment except Count One as well as its motion for departure under U.S.S.G. § 5K1.1. The District Court observed that no motion for departure was made pursuant to 18 U.S.C. §3553(e) and that the government remained unwilling "to go any lower than 60 months in departing downward." Jt. App. at 72A. Patrizio agreed with the District Court that the statutory minimum sentence of 60 months or five years must be imposed. Patrizio briefly argued for a 60-month term of imprisonment, and Sierra as well as several other individuals asked for leniency. The District Court imposed a sentence of 60 months imprisonment, five years of supervised release, a $2500.00 fine, and a special assessment of $100.00. Sierra appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because of a failure to raise this objection before the District Court, Sierra must satisfy the plain error standard of review. *See, e.g., United States v. Dixon*, 308 F.3d 229, 233 (3d Cir. 2002). He must demonstrate that "'(1) an error was committed; (2) the error was plain, that is, clear and obvious; and (3) the error affected the defendant's substantial rights.'" *Id.* at 234 (quoting *United States v. Syme*, 276 F.3d 131, 143 (3d Cir. 2002) (internal quotations

5

omitted)). Even if these three elements are established, an appellate court is to exercise its discretion to order correction of the ruling "only if the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Stevens*, 223 F.3d 239, 242 (3d Cir. 2000) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). We should examine the entire record and not merely the plea colloquy. *See, e.g., Dixon*, 308 F.3d at 234.

Before accepting a guilty plea, a trial judge must inform the defendant of any mandatory minimum penalty and ensure that he or she understands this penalty. At the time of Sierra's plea and sentencing, Federal Rule of Criminal Procedure 11(c) required:

> Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
> (1) . . . the mandatory minimum penalty provided by law, if any[.][1]

According to Sierra, the District Court failed to inform him of the unequivocal nature of the five-year mandatory minimum penalty applicable in this case and did not determine whether he understood the non-discretionary characteristic of this minimum penalty. He specifically contends that the District Court should have clearly distinguished the Sentencing Guidelines from the statutory mandatory minimum sentence and explained that the five-year sentence applied notwithstanding either his cooperation or any motion for departure under U.S.S.G. § 5K1.1. Sierra's claim of error is without merit.

---

[1] Rule 11 was subsequently revised to require notification of "any mandatory minimum penalty." Fed. R. Crim. P. 11(b)(1)(I).

Sierra was clearly informed that a mandatory minimum sentence applied regardless of his substantial assistance to the government and the government's motion to depart. The written plea agreement placed Sierra on notice that he faced at least a five-year mandatory term of incarceration. He further understood "that the government does not intend to move for departure from any statutory mandatory minimum term of imprisonment." Jt. App. at 21A. Sierra was again notified of the statutory mandatory minimum on a number of occasions at both the change of plea and the sentencing hearings. At the change of plea hearing, he indicated that he understood and discussed the possible penalties with his attorney. The District Court expressly asked him whether he understood that the government would not submit a motion under 28 U.S.C. § 3353(e), "which would permit the Court to depart from the statutory mandatory minimum." Jt. App. at 41A. Sierra answered in the affirmative. He also was aware that "the Governmental departure really has that floor of five years." Jt. App. at 53A. Under these circumstances, his request for leniency did not necessarily reveal his ignorance or misunderstanding of the mandatory minimum sentence. On the contrary, it supported his counsel's ultimately successful argument for the lowest possible sentence of 60 months.

Even if the District Court committed obvious error, Sierra has failed to establish that this error affected his substantial rights. This element generally requires a defendant to demonstrate that the error was prejudicial because it affected the outcome of the proceedings before the district court. *See, e.g., Dixon*, 308 F.3d at 234. Sierra does not

address this issue of prejudice. He never specifically claims that he *would* or even *might* have rejected a guilty plea if the District Court had provided all of the allegedly required information. *See, e.g., id.* at 234-35 (rejecting assertion of prejudice from erroneous statements of maximum sentence). The District Court accordingly did not commit reversible error.

III.

For the foregoing reasons, the judgment of the District Court entered on June 19, 2002 will be affirmed.

 /s/ Robert E. Cowen
United States Circuit Judge